

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT** | **CIVIL ACTION NO.: 11-1247** |
| **VERSUS** | **JUDGE HAIK** |
| **CHAIN ELECTRIC COMPANY, et al.** | **MAGISTRATE JUDGE HANNA** |

## REASONS FOR JUDGMENT

### I. Facts

On June 8, 2011, Plaintiff Lafayette City-Parish Consolidated Government (Plaintiff) brought suit against ten defendants in the 15th Judicial District Court of Lafayette, Louisiana, alleging claims of breach of contract, negligence, and breach of performance. Defendants include Chain Electric Company (Chain), Arch Insurance Company (Arch), Rockport Contracting, LLC (Rockport), Atlantic Engineering Group, Certain Underwriters at Lloyd's London, Continental Casualty Company, National Union Fire Insurance Company of Pittsburgh, PA, The Insurance Company of State of Pennsylvania, Everest National Insurance Company, and Evanston Insurance Company. On June 30, 2011, Defendants Chain and Arch removed the case to the U.S. District Court, Western District of Louisiana on the basis of diversity jurisdiction pursuant to 28 U.S.C. sections 1332 and 1446. Defendant Rockport then filed this Motion for Remand on August 1, 2011, alleging that Chain and Arch improperly removed this action before service of process, Rockport's consent to remove was required yet not obtained, Chain and Arch failed to advise the Court of Rockport's refusal to remove, and this Court lacks subject matter jurisdiction.

### II. Rockport's Contentions

Rockport contends that on June 20, 2011, Chain and Arch, through their counsel, contacted Rockport's counsel via telephone to obtain their consent on the removal of this action. (*Affidavit of Theodore W. Daniel* (*Daniel Aff.*), ¶ 3). The following day, on June 21, 2011, Rockport's counsel informed Chain and Arch's counsel that it would not consent to the removal of this action. (*Daniel Aff.*, ¶ 4). Despite Rockport's refusal to remove, and before any defendants were served with process, Chain and Arch filed their notice of removal on June 30, 2011. Significantly, there was no mention of Rockport's denial to consent to remove in Chain and Arch's notice of removal. Based on this information, Rockport contends that Chain and Arch's notice of removal was improper because (1) neither party had been served with process, a requirement to trigger removal and (2) Rockport's consent, due to being placed on notice of the filed petition by the telephone call, was required, not obtained, and not adequately addressed by Chain and Arch in the notice of removal.

1

Furthermore, Rockport contends that this Court lacks subject matter jurisdiction over this matter. First, Rockport argues that Chain and Arch have failed to distinctly and affirmatively establish the citizenship of all defendants. Rockport asserts that Chain and Arch solely rely on Plaintiff's allegations in its Petition, which are insufficient to establish the citizenship of the parties for purposes of diversity jurisdiction. Particularly, Rockport takes issue with the alleged citizenship of Defendant Certain Underwriters at Lloyd's London, alleged as a "foreign unincorporated association," and Defendants Continental Casualty Company, National Union Fire Insurance Company of Pittsburgh, PA, The Insurance Company of the State of Pennsylvania, Everest National Insurance Company, and Evanston Insurance Company, all alleged as "foreign insurer[s]" and "citizens of states others than Louisiana."[1] (*Notice of Removal*, ¶¶ 6, 15).

In regard to the citizenship alleged for Defendant Certain Underwriters at Lloyd's London, Rockport argues that an allegation of a "foreign unincorporated association" is inadequate because the citizenship of each of the members of the association must also be alleged, which Chain and Arch fail to do. In regard to the citizenship alleged for the remainder of the defendants noted above, Rockport argues that such allegations are insufficient because they are not affirmatively and distinctly alleged, thereby failing to satisfy their burden to identify the citizenship of each defendant with specificity.

Second, Rockport contends that this Court lacks subject matter jurisdiction because Chain and Arch have failed show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Rockport first argues that the amount in controversy is not facially apparent by Plaintiff's Petition, as Plaintiff alleged an indeterminate amount of damages. Next, Rockport attacks the pre-litigation demand letter sent by Plaintiff to Chain that was attached as an exhibit to its notice of removal, requesting a $15,000,000 settlement. (*Notice of Removal, Exh. B*). Specifically, Rockport argues that this demand letter is not only unsworn, but also heavily redacted, and thus, not competent evidence of the amount in controversy.

Rockport argues that Chain and Arch's inadequacies in their notice of removal are fatal to the removal itself and have asked this Court to remand the action back to state court. Further, based on the alleged telephone conversation where Rockport refused to consent to removal of this action and Chain and Arch's subsequent removal without revealing Rockport's position, Rockport has asked this Court to grant its costs, attorney's fees and expenses.

### III. Chain and Arch's Contentions

Chain and Arch have a very different view of the June 20, 2011 telephone conversation between their counsel and Rockport's counsel. Specifically, it is Chain and Arch's position that they never inquired into Rockport's consent to remove, mainly because they knew such consent

---

[1] Although Chain and Arch allege Defendants Continental Casualty Company, National Union Fire Insurance Company of Pittsburgh, PA, The Insurance Company of the State of Pennsylvania, Everest National Insurance Company, and Evanston Insurance Company as foreign insurers, they also separately allege the principal place of business for each defendant.

was not required since Rockport had yet to be served with process. (*Affidavit of Richard Tate* (*Tate Aff.*) ¶ 3). Rather, Chain and Arch allege that they offered a deal to Rockport, where, in exchange of Rockport dismissing its pending case against Chain and Arch in Texas court, Chain and Arch would cooperate with Rockport in removing the instant action to federal court. (*Tate Aff.* ¶ 3). The following day, on June 21, 2011, Rockport's counsel telephoned and stated that his client was not amenable to the proposed strategy. (*Tate Aff.* ¶ 3). As a result, Chain and Arch argue that Rockport's consent to remove was not required.

In response to Rockport's allegation that service of process must be effectuated to trigger removal, Chain and Arch argue that service of process is not a prerequisite to removal. Chain and Arch base this argument off of the plain language of 28 U.S.C. section 1446(b), which states that a "notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Particularly, Chain and Arch place emphasis on the "or otherwise" language in the statute, which, they argue, contemplates removal without formal service of process. Furthermore, Chain and Arch cite to a Fifth Circuit case, arguing that Rockport's contention is contrary to the prevailing rule there. *See, Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000).

With respect to Rockport's subject matter jurisdiction challenge, Chain and Arch contend that both citizenship and amount in controversy have been adequately alleged to establish diversity jurisdiction. Specifically, Chain and Arch argue that Defendant Certain Underwriters at Lloyd's London is clearly a foreign company as evidenced by the word "London" in the name. Regardless of the name, Chain and Arch maintain that citizenship has been adequately established for the purposes of removal. Chain and Arch also assert that the demand letter attached as an exhibit to their notice of removal is sufficient to establish the amount in controversy. (*Notice of Removal, Exh. B*). However, Chain and Arch note that if this Court requires additional evidence regarding citizenship and amount in controversy, the Court can request and consider affidavits or other extrinsic evidence.

Finally, Chain and Arch reject Rockport's contention that they are entitled to costs, fees and expenses. Specifically, Chain and Arch argue that their removal is based upon very clear and undisputed grounds, as all the evidence to support this Court's subject matter jurisdiction have been adequately alleged. Accordingly, Chain and Arch argue that they acted in an objectively reasonable manner when they filed their notice of removal.

## IV. Analysis

When a case is removed to federal court, there is a strong presumption against federal jurisdiction and federal courts are to construe the statute against removal and in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). A defendant who has removed a case bears the burden of proving the propriety of removal, including jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

3

### A. Although Chain And Arch Were Not Required To Obtain Rockport's Consent To Remove, Chain And Arch's Removal Was Nonetheless Improper Because Chain And Arch Were Not Served With Process At The Time Of Removal

1. Removal Was Improper Because Chain And Arch Were Not Served With Process

28 U.S.C. section 1446(b) provides in pertinent part, "[t]he petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, **through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." (Emphasis added) Although there is some confusion as to interpretation of the "or otherwise" language, the Supreme Court has explicitly ruled that removal is triggered by formal service of process. *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-38 (1999) (*Murphy*).

At the time of removal, no defendants, including Chain and Arch, were served with process. Chain and Arch rely on section 1446(b)'s "or otherwise" language and argue that service alone is not a prerequisite to removal. In support of their argument, Chain and Arch cite to dicta in a Fifth Circuit case that merely references *Murphy* in one footnote. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177, n. 23 (5th Cir. 2000). There, the court read section 1446(b) as "consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served." *Id.* at 177. However, this case's holding focused on, and has only been cited in relation to, the status of a defendant required for removal under the Foreign Sovereign Immunities Act (FSIA). *Id.* at 182 ("we conclude that [defendant] did not prematurely remove . . . . and service was unnecessary to trigger [defendant's] right, as a FSIA entity, to remove under the removal statute.") ; *see, Patrickson v. Dole Food Company*, 251 F.3d 795 (9th Cir. 2001); *In re Ski Train Fire in Kaprun, Austria*, F.Supp.2d 420 (S.D. N.Y. 2002); *Vargas v. State Farm Lloyds*, 216 F.Supp.2d 643 (S.D. Tex. 2002). Ostensibly, *Delgado* is inapplicable here.

Wholly putting aside the Supreme Court's ruling in *Murphy*, Chain and Arch's argument would still fail. Particularly, Chain has provided **no evidence** aside from its citation to *Delgado* to prove that the "or otherwise" language is applicable in this case. In other words, the only information this Court has is that service had not been effectuated at the time Defendants filed their notice of removal. With this evidence, alone, this Court concludes that removal by Chain and Arch was improper.

4

### 2. Chain And Arch Were Not Required To Obtain Rockport's Consent To Remove Because Rockport Had Not Been Served With Process

28 U.S.C. section 1446(a) requires that all defendants consent to removal. This is known as the "Rule of Unanimity." *See, Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local*, 427 F.2d 325, 327 (5th Cir. 1970). However, like many rules, the "Rule of Unanimity" has exceptions, the one applicable here being that consent from a defendant who has not been served with process is not required. *See, Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41.

At the time of removal in the instant case, Rockport had not been served with process. Despite this fact, Rockport argues that because they were on notice of Chain and Arch's intent to remove due to a telephone conversation, and thereby on notice of Plaintiff's pleading, they were, in fact, required to consent to removal. In support of its argument, Rockport relies on a 1996 Arizona district court case, which granted remand because one defendant, who had been faxed a courtesy copy of the complaint but not formally served, did not consent to removal. *See, Shwartz v. FHP Intern. Corp.*, 947 F.Supp. 1354 (D. Ariz. 1996).

However, since that case, the Supreme Court has ruled on *Murphy*, where a defendant similarly received a courtesy fax copy of the complaint prior to being served. 526 U.S. 344 (1999). The Court held that formal service of process, rather than a courtesy fax, of the complaint was required to trigger removal requirements, particularly the 30-day removal requirement. *Id.* at 347-38. In so holding, the Court emphasized that service of process is "fundamental to any procedural imposition on a named defendant," and "in the absence of service of process . . . a court ordinarily may not exercise power over a party to the complaint." *Id.* At 350.

Although the Court in *Murphy* did not directly address the consent requirement to remove in multiple defendant cases, this Court sees no need to place a separate and distinct rule upon cases involving multiple defendants. To do so would depart from the fundamental principles outlined in *Murphy*. Furthermore, several post-*Murphy* cases have applied the same standard to cases involving multiple defendants. *See, Cachet Residential Builders, Inc.*, 547 F.Supp.2d 1028 (D. Ariz. 2007); *White v. Bombardier Corp.*, 313 F.Sup..2d 1295 (N.D. Fla. 2004); *T.E. Const. Specialists, Inc. v. Vista Benefits, Inc.*, 2003 WL 22259075 (W.D. Tex. 2003); *see also C.L.B. v. Frye*, 469 F.Supp.2d 1115 (M.D. Fla. 2006); *Piacente v. State Univ. of New York at Buffalo*, 362 F.Supp.2d 383 (W.D. N.Y. 2004) ("Although *Murphy* only involved a single defendant, its holding nonetheless applies to the multiple defendant context."). Therefore, service of process is required to trigger the consent requirement to remove in multiple defendant cases. Accordingly, Rockport's alleged notice of this matter through a telephone call is simply insufficient to trigger a requirement for its consent. Because Rockport was not served with process, Chain and Arch had no obligation to obtain their consent to remove. Further, because Rockport's consent to remove was not required, Chain and Arch's statement in its notice of removal that no other defendants were served, and thus, no others need join in the removal, is sufficient.

### B. Chain And Arch's Notice Of Removal Inadequately Establishes This Court's Subject Matter Jurisdiction, But Such Failure Could Have Been Remedied By An Amended Notice Of Removal

Subject matter jurisdiction pursuant to diversity jurisdiction requires that the parties be in complete diversity and the amount in controversy exceed $75,000. 28 U.S.C. § 1332. There is a presumption against subject matter jurisdiction that must be rebutted by the removing defendant. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996).

#### 1. Chain And Arch's Notice Of Removal Is Defective Because It Does Not Properly Allege The Citizenship Of Certain Underwriters at Lloyd's London

The party seeking removal has the burden of proving complete diversity exists, meaning that all plaintiffs have a different citizenship from all defendants. *See, Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). It is well established that when jurisdiction depends on citizenship, as in this case, "citizens must be 'distinctly and affirmatively alleged.'" *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*Getty Oil*), citing *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975); *see also, Illinois Cent. Gulf R. Co. v. Pargas*, Inc., 706 F.2d 633, 636 & n. 2 (5th Cir. 1983) (basis of jurisdiction must be alleged distinctly and affirmatively rather than argumentatively or by inference). Furthermore, "[i]f a case involves an unincorporated association, the citizenship of each member must be considered." *Getty Oil Corp.*, 841 F.2d at 1258; *see, Aetna Casualty and Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

In *Getty Oil*, defendants' notice of removal alleged the citizenship of another defendant, Companies Collective, as "'foreign insurers who do not have their principal place of business in' Texas, California, New York, or Delaware" and "'is a citizen or subject of England.'" 841 F.2d at 1259. The court held that such an allegation was insufficient to establish diversity citizenship. The court reasoned that if Companies Collective was a corporation, allegations of its principal place of business must be set forth. *Id.* at 1259. Alternatively, the court reasoned that if Companies Collective was an unincorporated association, incorporation information for each of its individual members must be alleged. *Id.* at 1259-60. Specifically, the court stated that "[m]erely alleging that the individual members are 'foreign insurers' does not establish place of incorporation for jurisdictional purposes." *Id.* At 1259-60; *see also, American Motorists Ins. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979).

Similar to the removing party in *Getty Oil*, allegation number six of Defendants' notice of removal alleges that Defendant Certain Underwriters at Lloyd's London "is a Lloyd's syndicate and foreign unincorporated association." (*Notice of Removal*, ¶ 6). Based on the reasoning in *Getty Oil*, such an allegation is clearly insufficient because Chain and Arch do not allege the citizenship of each of its members. Without this information, this Court is unable to adequately ascertain its jurisdiction over this case. Further, the Court finds no issue with the allegations of citizenship for the remainder of the defendants, as all include a principal place of business.

### 2. Defendants Have Failed To Allege The Amount In Controversy By A Preponderance Of The Evidence

Removing defendants have the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). The removing party can satisfy this burden in two ways: (1) it must establish that it is "facially apparent" from the complaint that the claims likely exceed $75,000, or (2) it must present "summary judgment-type" evidence through the removal petition or accompanying affidavit, showing the amount in controversy is met. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Based upon a review solely of the allegations in Plaintiff's state court petition, it is not "facially apparent" that Plaintiff's claims are likely to exceed $75,000. Specifically, Plaintiff has only asserted damages in a general nature, and thus, the petition provides little to no guidance as to the monetary amount of damages in this case. Because the amount in controversy remains ambiguous after a review of the petition, this Court is permitted to consider the summary judgment-type evidence submitted by Chain and Arch.

It can be inferred from several Fifth Circuit cases that pre-petition settlement demand letters can be considered as relevant summary judgment-type evidence of the amount of controversy. *See, Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002) (the "serious nature of the allegations" raised in a settlement demand letter and the proposed settlement amount were considered in making the jurisdictional amount determination); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper"); *see also, Pollet v. Sears Roebuck and Co.*, 2002 WL 1939917, *1 (5th Cir. 2002) (the court makes reference to settlement offers, which, although not "determinative," may be considered relevant if it appears to reflect a reasonable estimate of damages). Furthermore, the Eastern and Middle Districts of Louisiana have previously considered settlement demands as "valuable evidence" in determining the amount in controversy. *See, Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995); *Lonon v. Prieto*, 2000 WL 913808 (E.D. La. 2000).

Similar to the cases cited above, Defendants Chain and Arch have submitted a settlement demand letter sent by plaintiff prior to the initiation of litigation. (*Notice of Removal*, Exh. B). However, unlike the demand letters above, that contained factual allegations and reflected a reasonable estimate of the damages, this demand letter has been greatly redacted, leaving only a demand number for review: $15,000,000. The redacted letter submitted provides no other facts, such as a description of the physical damages involved or a list of itemized damages. As a result, this Court is unable to determine if this number, in fact, reflects a reasonable estimate of the damages. Without more information, this letter is a conclusory allegation and is insufficient to prove the amount in controversy by a preponderance of the evidence.

7

3. **Had Chain And Arch Properly Removed After Service Of Process, They Could Have Amended Their Notice Of Removal Pursuant To 28 U.S.C. §1653**

Prior to the expiration of the 30-day period for removal, defendants may freely amend the notice of removal required by section 1446(b). Under certain circumstances, such as here, a defendant may even amend a defective notice of removal *after the expiration* of the 30-day period pursuant to 28 U.S.C. section 1653. Although new grounds for removal cannot be added to an amended notice of removal, defects in the form or content of the removal papers, which are generally not jurisdictional, may be cured by amendment; e.g., to correct mistakes or omissions, or to furnish the required copies of the state court file. *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir.1979), cert. denied, 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980). Other circumstances to amend include correcting an imperfect statement of citizenship, stating previously articulated grounds more fully, or correcting the jurisdictional amount. *D.J. McDuffie*, 608 F.2d at 146 (failure to allege specifically in the original petition the citizenship of the parties was not a fatal omission that could not be cured by amendment); *Acosta v. Drury Inns, Inc.*, 400 F.Supp.2d 916 (W.D. Tex. 2005) (permitting defendants to amend notice of removal to specify the citizenship of all parties to the state action and assert defendants' citizenship and principal place of business, rejecting assertion that the mistakes were jurisdictional defects); *Schild v. Tymco, Inc.*, 842 F.Supp 223, 226 n. 2 (M.D. La. 1994) (even though defendant failed to properly allege jurisdictional amount in notice of removal, court did not remand case on this basis since "a defective allegation (as opposed to a missing allegation) may be cured by amendment, even following the 30-day period for removal").

This Court agrees with Rockport's contention that the petition is defective because it fails to set forth a clear statement of facts establishing diversity jurisdiction, both for citizenship and amount in controversy. However, these defects are not jurisdictional and can be amended. Had Chain and Arch properly filed their notice of removal after service of process, this Court would have allowed Chain and Arch to cure this defect by amending their original notice of removal pursuant to 28 U.S.C. section 1653.

C. **Rockport Is Not Entitled To Recover Its Costs, Expenses And Attorneys Fees Because Chain And Arch Had A Reasonable Basis To Remove The Case**

A court may award expenses, costs and attorneys fees on a motion to remand only where the moving party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).

Rockport has asked this Court to award its fees, costs and expenses based on a contested telephonic conversation. On the one hand, Rockport alleges that Chain and Arch requested its approval to remove, Rockport refused to consent, and Chain and Arch removed regardless without alleging this conversation in their removal petition. (*Daniel Aff.*) On the other hand, Chain and Arch argue that they never inquired into Rockport's consent, but simply offered Rockport an exchange of sorts regarding a separate and distinct civil action. (*Tate Aff.*) Both parties have submitted affidavits to this effect.

The Court finds that Chain and Arch did have an objectively reasonable basis for seeking removal and finds Rockport's argument to award fees and costs unpersuasive. Unable to discern the truth, however, the Court notes and disapproves of the gamemanship involved by both parties.

## V. Conclusion

For the reasons set forth above, it is hereby Ordered, Adjudged and Decreed that Defendant Rockport's Motion to Remand [Doc. 6] is hereby GRANTED and this matter be remanded to the 15th Judicial District of Louisiana in its entirety.

THUS DONE AND SIGNED at Lafayette, Louisiana on this 22nd day of September, 2011.

HONORABLE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA